UNITED STATES DISTRICT COURT
NORTHISN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| Ivan Perez Canola | ) | Case No: |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | |
| Department of Homeland Security | ) | Magistrate Judge |
| Immigration and Customs Enforcement, | ) | |
| Department of Justice, | ) | Jury Demand |
| Executive Office of Immigration Review | ) | |
| Kristi Noem, | ) | |
| Pam Bondi, | ) | |
| Richwood Correctional Center | ) | |
| | ) | |

_____

## COMPLAINT

NOW COMES the Plaintiff, Ivan Perez Canola, by and through his attorney, John W. Heiderscheidt complaining against the Defendants Kristi Noem and Pam Bondi, Individually, as well as DHS, ICE, DOJ, and Richwood Correctional Center and in support of his COMPLAINT states as follows:

### COUNT I —
### 42 U.S.C. §1983 ONGOING UNLAWFUL OBSTRUCTION
### OF THE RIGHT TO COUNSEL

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983, 42 U.S.C. § 1988, and the Immigration and Nationality Act and the APA, to redress deprivations of the civil rights of the Plaintiff, Ivan Canola Perez, accomplished by acts and/or omissions of the Defendants Kristi Noem and Pam Bondi, Individually, and ICE and DOJ, as follows committed under color of law.

2. Jurisdiction lies pursuant to 28 U.S.C. §1331, §1343, and supplemental jurisdiction under the State of Illinois.

3. Venue is proper because the underlying violation occurred outside an EOIR court room in Chicago on the 15th floor of 55 E. Monroe Street.

4. After being paroled in the country by the Biden administration, Plaintiff filed an application for asylum (I-589) with the Removal Court because of his credible fear of returning to Ecuador.

5. During his entire parole period, Plaintiff did not commit any crimes, applied for asylum in a timely manner, and is not alleged to have violated immigration law in any way beyond what is alleged in the Notice to Appear (I-862) filed by DHS with the Executive Office for Immigration Review.

6. By virtue of parole and the asylum application, Plaintiff is not accruing unlawful presence while in the United States.

7. On June 16, 2025, after appearing on time for a routinely scheduled master calendar hearing on the non-detained docket before EOIR Judge Jody Barilla to seek an individual calendar hearing on the non-detained docket in Chicago for his asylum application.

8. After the hearing, ICE arrested Plaintiff and has since whisked him away to a holding facility in Louisiana, making extended, purposeful communications with his attorneys virtually impossible.

9. Specifically, as a result of the egregious misconduct by the Defendants, the Plaintiff, IVAN CANOLA PEREZ was deprived of his constitutional right to counsel under the 6th Amendment to the U.S. Constitution.

10. Defendants' conduct was so outrageous that an EOIR Judge who witnessed the incident wrote in an Order of the EOIR Court that ICE obviously violated the constitutional rights to access and prepare for Court with the attorney of Plaintiff's choosing.

11. This arrest arises out of the Attorney General's issuance of *Matter of Q Li* 29 I&N Dec. 66 (BIA 2025), an attempt to categorically designate all parolees as "arriving aliens" under § 235 of the Immigration and Nationality Act ("INA"), and subsequent amendments to the INA in a manner that is arbitrary, capricious, and lacking in a rational basis.

12. Unfortunately, this mass designation scheme does not pass constitutional muster for several reasons, not the least of which is that it cannot withstand even "rational basis" scrutiny". See, Order from 1-25-872 (DC Circuit Court) and subsequent Order denying motion for stay.

13. The Plaintiff, IVAN CANOLA PEREZ, at all times was an immigrant to the United States who was paroled in the country by the previous administration to pursue asylum. Undersigned counsel represents Plaintiff in his application for asylum.

14. In violating Plaintiff's constitutional right to access the counsel of his choosing, and to assist in the preparation of his case, Defendants have made it virtually impossible to consult as thoroughly as might be achieved if Plaintiff remained on the non-detained EOIR docket in Chicago.

15. Counsel's interactions with the Plaintiff while in custody in Louisiana have been impeded by arcane and tedious communications rules implemented by the prison holding Plaintiff today.

16. The Defendants' actions are part of a broader scheme to wholistically deny due process to millions of immigrants, by "flooding the zone" with an array of enforcement actions that range from legal but pernicious, to outright and flagrant violations of constitutional due process.

17. A sampling of public statements from top-level officials, including President Trump himself, concerning the administration's unwillingness to afford due process to immigrants include:

   a. "We cannot give everyone a trial, because to do so would take, without exaggeration, 200 years." President Trump, social media post.

   b. "The judicial process is for Americans. Immediate deportation is for illegal aliens." Immigration Policy Adviser Stephen Miller, social media post.

   c. "We're gonna flood the zone." Border Czar Tom Homan, Public Press Conference.

   d. "To say the administration must observe 'due process' is to beg the question: what process is due is a function of our resources, the public interest, the status of the accused, the proposed punishment, and so many other factors." Vice President J.D. Vance.

18. As a direct and proximate consequence of said conduct of the Defendants, Plaintiff, IVAN CANOLA PEREZ, suffered violations of his constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, unlawful incarceration, and damage to his reputation.

19. Actions taken by DHS, ICE, and DOJ to impede Plaintiff's access to his

immigration lawyer clearly violate the Plaintiff's Sixth Amendment right to counsel of his choosing as protected by the 42 U.S.C. § 1983 statute.

20. WHEREFORE, the Plaintiff, IVAN CANOLA PEREZ, prays for judgment in his favor and against the Defendants individually, jointly, and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT II —
## 42 U.S.C. §1983 UNLAWFUL ARREST

21. Plaintiff re-alleges and re-incorporates ¶¶ 1 – 20 as though fully set forth herein.

22. No facts support probable cause that Plaintiff committed a crime.

23. No facts supported any criminal charge against him.

24. Thise were no facts to support the fact that he committed any crime.

25. The actions of the Defendants were done with willful and wanton recklessness, and with disregard for the rights of IVAN CANOLA PEREZ.

26. The Plaintiff was at all times innocent of any crimes.

27. As a direct and proximate consequence of said conduct of the Defendants, Plaintiff, IVAN CANOLA PEREZ, suffered violations of his constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, unlawful incarceration, and damage to his reputation.

28. The actions of the Defendants violated Plaintiff's Fourth Amendment rights as protected by 42 U.S.C. §1983.

29. WHEREFORE, the Plaintiff, IVAN CANOLA PEREZ, prays for judgment in his favor and against the Defendants individually, jointly, and severally, in an amount of

fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III –
## 42 U.S.C. §1983 UNLAWFUL INCARCERATION

30. The Plaintiff, IVAN CANOLA PEREZ, realleges and incorporates his allegations of paragraphs 1 – 29 of Counts I and II as though fully set forth herein.

31. Plaintiff remains in custody in Louisiana, in violation of his 5th Amendment right to be free from a restraint on liberty without due process of law as protected by 42 U.S.C. §1983.

32. As a direct and proximate consequence of said conduct of the Defendants, Plaintiff, IVAN CANOLA PEREZ, suffered violations of his constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, unlawful incarceration, and damage to his reputation.

33. WHEREFORE, the Plaintiff, IVAN CANOLA PEREZ, prays for judgment in his favor and against the Defendants individually, jointly, and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT IV –
## 42 U.S.C. §1983 UNLAWFUL OBSTRUCTION OF
## FIFTH AMENDMENT DUE PROCESS RIGHTS

34. The Plaintiff, IVAN CANOLA PEREZ, realleges and incorporates his allegations of paragraphs 1 – 33 of Counts I, II, and III as though fully set forth herein.

35. Plaintiff remains in custody in Louisiana, in violation of his 5th Amendment right to be free from a restraint on liberty without due process of law as protected by 42 U.S.C. §1983.

36. EOIR and DHS now will not even commit to providing Plaintiff an asylum hearing, despite an obligation to provide one under existing law.

37. As a direct and proximate consequence of said conduct of the Defendants, Plaintiff, IVAN CANOLA PEREZ, suffered violations of his constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, unlawful incarceration, and damage to his reputation.

38. WHEREFORE, the Plaintiff, IVAN CANOLA PEREZ, prays for judgment in his favor and against the Defendants individually, jointly, and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## JURY DEMAND

The Plaintiff, IVAN CANOLA PEREZ, hereby requests a trial by jury.

Respectfully Submitted,

/s/John W. Heiderscheidt

John W. Heiderscheidt
HLG, LLC d/b/a "Subscription Lawyer"
7257 W. Touhy Ave.
Suite 201-A
Chicago, IL, 60631
312-331-0087
info@subscriptionlawyer.com
ARDC: 6305341 / Gen Bar

VERIFICATION

      Under penalties as provided by law pursuant the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

      Name: <u>John W. Heiderscheidt</u>    Signature: /s/ <u>John W. Heiderscheidt</u>

      Date: <u>09/03/2025</u>