**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**


Ivan Perez Canola

                    Plaintiff,

v.                                   Case No.: 1:25−cv−10525

                                   Honorable Franklin U. Valderrama

Pam Bondi, et al.

                    Defendant.


## NOTIFICATION OF DOCKET ENTRY


This docket entry was made by the Clerk on Wednesday, September 3, 2025:


      MINUTE entry before the Honorable Franklin U. Valderrama: Before the Court is Plaintiff's motion for an emergency ex parte temporary restraining order under Fed. R. Civ. P. 65(b). R. [6], TRO Mot. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). In June 2023, Plaintiff was paroled into the United States during the previous presidential administration, and in June 2024, he filed an asylum application. R. [1], Compl. para. 4; TRO Mot. paras. 1, 6. Plaintiff was not detained during this period. TRO Mot. paras. 4−5. In June 2025, after an immigration hearing, Immigrations and Custom Enforcement (ICE) agents arrested Plaintiff and sent him to a holding facility in Louisiana. Id. paras. 16−17. The Executive Office of Immigration Review (EOIR) denied Plaintiff bond and scheduled him for an Individual Calendar hearing on 9/4/2025. Id. para. 20. On 8/18/2025, the Government moved to pretermit Plaintiff's asylum case, on the grounds it had reached a new Asylum Cooperative Agreement (ACA) with the government of Honduras that applies to Plaintiff. Id. para. 21. Plaintiff's counsel in the instant case opposed the motion. Id. para. 21. Plaintiff reasons that giving advance notice to Defendants of his emergency motion will allow EOIC−Louisiana to pretermit Plaintiff's Asylum case in bad faith and expedite his removal under INA § 235 in an effort to ward off liability to Plaintiff in a pending §1983 claim against Defendants. Id. para. 41. Nonetheless, Plaintiff has informed the U.S. Attorney's Office of the motion, and an attorney has already appeared in the case. R. [9]. Plaintiff requests a ruling on his emergency motion before 9/4/2025, the date of Plaintiff's removal hearing (the motion does not include the time of the hearing), and notes that "it is doubtful the EOIR − Louisiana Court will deny DHS' Motion to Pretermit, based on undersigned counsel's anecdotal experience with that court system prior to and after President Trump's inauguration as well as a review of Immigration Judge May's TRAC data." TRO Mot. para. 43. Accordingly, Plaintiff requests that the Court: (1) Restrain Defendants from conducting an Individual Calendar Hearing on a detained EOIR docket for the next ten (10) calendar days; (2) set the matter for a hearing to convert the TRO to a preliminary injunction in accordance with FRCP 65(b) to enjoin Defendants from

removing Plaintiff before his § 1983 suit is settled or heard by a jury; (3) Prohibit Department of Homeland Security (DHS), EOIR, or any of their sister immigration enforcement agencies from continuing Plaintiff's case on the detained EOIR–Louisiana docket; (4) Order DHS, EOIR, and all other Defendants to take all steps necessary to return Plaintiff to Chicago's non–detained EOIR docket and set his matter for a master calendar hearing in that venue; (5) Order that EOIR – Chicago limit Plaintiff's appearances to Master Calendar Hearings, until such time as Plaintiff's § 1983 claim is heard by a jury or settled between the parties; and (6) award attorney fees, costs, and expenses for the bringing of the Emergency TRO motion. Id. at 8–9. The Court finds that Plaintiff's fears related to his removal hearing and the ruling on the Government's motion to pretermit are currently too speculative to warrant emergency relief before the 9/4/2025 hearing. See Brown v. Lauer, 2024 U.S. Dist. LEXIS 204499, at *3 (S.D. Ill. Nov. 8, 2024) (denying detainee's motion for TRO and preliminary injunction requesting release from administrative detention upon his arrival at a new facility as speculative); Chi. Fire Fighters Union, Local 2 v. Tebbens, 2007 U.S. Dist. LEXIS 32606, at *14 (N.D. Ill. Apr. 30, 2007) (denying TRO motion because the plaintiff's fear that, after disciplinary hearing, he would be removed as a union president, was speculative, as the hearing board was empowered to impose a variety of sanctions). Here, while Plaintiff cites counsel';s "anecdotal experience with that court system prior to and after President Trump's inauguration as well as a review of Immigration Judge May's TRAC data," showing that Judge May has a 10% asylum grant rate, the fact remains that Plaintiff has not yet been ordered removed and the EOIR–Louisiana Court has not yet ruled on DHS's motion to pretermit. Therefore, the Court declines to enter emergency relief before the 9/4/2025 hearing. The Court sets a hearing for 9/4/2025 at 2:30 p.m. in courtroom 1941. It will hear arguments from the parties on Plaintiff's motion, which the Court converts to a motion for a preliminary injunction hearing, given that Defendants have notice of the motion and have appeared through counsel. See Levas and Levas v. Village of Antioch, Ill., 684 F.2d 446, 448 (7th Cir. 1982). Finally, the Court notes that Plaintiff filed a consent to proceed before the Magistrate Judge on the TRO motion. R. [8]. "[A] magistrate judge has no authority to grant injunctive relief, absent a consent by all parties to jurisdiction." Am. Fam. Mut. Ins., Co. v. Roth, 2007 WL 2377335, at *5 (N.D. Ill. Aug. 16, 2007) (emphasis added); see also Jaquez v. United States, 36 F.4th 725, 727 (7th Cir. 2022) (all parties must consent to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c)(3)). If Defendants also consent to proceed before the Magistrate Judge, the parties should file an updated consent form signed by all parties. Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.