Ivan Perez Canola
                        Plaintiff,

v.                                                 Case No.: 1:25−cv−10525
                                                        Honorable Franklin U. Valderrama

Pam Bondi, et al.
                        Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, September 5, 2025:

      MINUTE entry before the Honorable Franklin U. Valderrama: On 9/3/2025, Plaintiff filed a motion for an emergency ex parte temporary restraining order (TRO) under Fed. R. Civ. P. 65(b). R. [6], Mot. Plaintiff requested that the Court: (1) Restrain Defendants from conducting an Individual Calendar Hearing on a detained EOIR docket for the next ten (10) calendar days; (2) set the matter for a hearing to convert the TRO to a preliminary injunction in accordance with FRCP 65(b) to enjoin Defendants from removing Plaintiff before his § 1983 suit is settled or heard by a jury; (3) Prohibit Department of Homeland Security (DHS), EOIR, or any of their sister immigration enforcement agencies from continuing Plaintiff's case on the detained EOIR−Louisiana docket; (4) Order DHS, EOIR, and all other Defendants to take all steps necessary to return Plaintiff to Chicago's non−detained EOIR docket and set his matter for a master calendar hearing in that venue; (5) Order that EOIR − Chicago limit Plaintiff's appearances to Master Calendar Hearings, until such time as Plaintiff's § 1983 claim is heard by a jury or settled between the parties; and (6) award attorney fees, costs, and expenses for the bringing of the Emergency TRO motion. Id. at 8−9. The same day, the Court declined to issue an emergency TRO, finding that Plaintiff's fears related to his removal hearing and the ruling on the Government's motion to pretermit were currently too speculative to warrant emergency relief. R. [10], 9/3/2025 Order. The Court therefore converted the motion to a motion for a preliminary injunction. Id. Before the hearing, Defendants filed a response to Plaintiff's motion. R. [12], Resp. The Court heard oral argument from the parties on Plaintiff's motion for a preliminary injunction motion. R. [13]. Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Elim Romanian Pentecostal Church v. Pritzker, 613 F. Supp. 3d 1102, 1107 (N.D. Ill.), aff'd. 962 F.3d 341 (7th Cir. 2020) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "The two most important considerations are likelihood of success on the merits and irreparable harm." Bevis v. City of Naperville, Illinois, 85 F.4th 1175, 1188 (7th Cir. 2023). In resolving a motion for a preliminary injunction, the Court reviews the

record from a "neutral and objective viewpoint" without accepting Plaintiff's allegations as true, nor drawing reasonable inferences in Plaintiff's favor. Doe v. University of Chicago, 2022 WL 16744310, at *2 (N.D. Ill. Nov. 7, 2022) (citing Doe v. Univ. of S. Indiana, 43 F.4th 784, 791 (7th Cir. 2022)). The Court must "make factual determinations on the basis of a fair interpretation of the evidence before the court" at this stage. Darryl H. v. Coler, 801 F.2d 893, 898 (7th Cir. 1986). However, the findings are only preliminary, and "do not bind the district court as the case progresses." Mich. v. U.S. Army Corps of Eng'rs, 667 F.3d 765, 782 (7th Cir. 2011). The Court begins its analysis with whether Plaintiff has established a likelihood that he will succeed on the merits of his Section 1983 claims against Defendants. To establish a likelihood of success on the merits, the movant need not show that it will unquestionably win the case. Ill. Republican Party v. Pritzker, 973 F.3d 760, 763 (7th Cir. 2020). However, a mere "possibility of success is not enough" and quot;neither is a better than negligible chance." Id. at 762 (citations omitted). A strong showing of likelihood of success on the merits normally includes the movant showing how he or she proposes to prove the key elements of its case. Id. at 763. Courts may deny a movant's request for TRO or preliminary injunction solely on the movant's failure to demonstrate a likelihood of success on the merits. Girtler v. Fedie, 835 F. App'x 124, 127 (7th Cir. 2020). Plaintiff's Complaint alleges claims under 42 U.S.C. § 1983 for ongoing unlawful obstruction of the right to counsel (Count I), unlawful arrest (Count II), unlawful incarceration (Count III), and unlawful obstruction of Fifth Amendment Due Process rights (Count IV) against Defendants Kristi Noem and Pam Bondi, Individually, Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Department of Justice (DOJ) (collectively, the Federal Defendants), and Richwood Correctional Center (Richwood). R. [1], Compl. In their response, Defendants argue that Plaintiff fails to establish a likelihood of success on the merits because each cause of action is brought under Section 1983, which does not apply to federal officers executing federal laws. Resp. at 5–6 (citing District of Columbia. v. Carter, 409 U.S. 418, 424–25 (1973) ("Like the Amendment upon which it is based, § 1983 is of only limited scope. The statute deals only with those deprivations of rights that are accomplished under the color of the law of 'any State or Territory'.... It does not reach... actions of the Federal Government and its officers[.]")); see also Slabon v. Berryhill, 751 F. App'x 928, 930 (7th Cir. 2019). During the 9/4/2025 hearing, Plaintiff's counsel acknowledged that Section 1983 does not apply to federal officials, but argued that, as Defendants acknowledged in their response, federal officers may be sued under § 1983 if they act in concert with local or state officials to violate the Constitution or laws of the United States. See Resp. at 6 n.2 (citing Dombrowski v. Eastland, 387 U.S. 82, 83 (1967)); see also Economan v. Cockrell, 2020 WL 6874134, at *18–20 (N.D. Ind. Nov. 23, 2020) (collecting cases). According to Plaintiff, Richwood is a state actor, and the Complaint alleges that the Federal Defendants acted in concert with Richwood. Defendants countered that the state facility was not collaborating with the federal officials, but rather holding Plaintiff for his detention based upon federal immigration laws. The Court agrees with Defendants that the Complaint does not sufficiently allege how the Federal Defendants and Richwood Correctional Center collaborated or conspired together to deprive Plaintiff of his constitutional rights. See Compl. While Plaintiff alleges that Richwood has implemented "arcane and tedious communications rules" that have impeded counsel's communications with Plaintiff, he does not allege how state prison officials conspired with the Federal Defendants to do so. Compl. para. 15. As currently pled, the Court finds that Plaintiff has not sufficiently demonstrated a likelihood of success on the merits of Section 1983, as he has not alleged collaboration or conspiracy between federal officials and state officials to deprive him of his constitutional rights. The Court therefore need not address the remaining elements for issuing a preliminary injunction. See Girtler, 835 F. App'x at 127. Plaintiff's motion for a preliminary injunction [6] is denied. Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.