**UNITED STATES DISTRICT COURT**
**NORTHISN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

_____

|  |  |  |
|---|---|---|
| Ivan Perez Canola | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 1:25-cv-10525 |
| | ) | |
| | ) | Hon. Judge Franklin Valderrama |
| v. | ) | |
| | ) | |
| Department of Homeland Security | ) | Jury Demanded |
| Immigration and Customs Enforcement, | ) | |
| Department of Justice, | ) | |
| Executive Office of Immigration Review | ) | |
| Immigration and Customs Enforcement | ) | |
| Kristi Noem, as Director of DHS | ) | |
| Pam Bondi, as Attorney General of the U.S. | ) | |
| Todd Lyons, Acting Director ICE | ) | |
| Richwood Correctional Center, Louisiana | ) | |
| John/Jane Doe Indiana State Police Officer | ) | |
| John/Jane Doe Louisiana Department of Corrections | ) | |
| Officer | ) | |
| Multiple John/Jane Doe ICE Agents, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

_____

## AMENDED COMPLAINT

NOW COMES the Plaintiff, Ivan Perez Canola, by and through his attorney, John W. Heiderscheidt amending his complaint against Defendants, and in support of his AMENDED COMPLAINT states as follows:

1. This action is brought pursuant to the laws of the United States Constitution, specifically, the Immigration and Nationality Act ("INA"), Administrative Procedure Act ("APA"), *Bivens* progeny, and 42 U.S.C. §1983, 42 U.S.C. § 1988,  to redress deprivations of the civil rights of the Plaintiff, Ivan Canola Perez, accomplished by acts and/or omissions

1

of Defendants.

2. **Jurisdiction** lies pursuant to 28 U.S.C. §1331, §1343, and supplemental jurisdiction under the State of Illinois.

3. **Venue** is proper because the underlying violation occurred outside an EOIR court room in Chicago on the 15th floor of 55 E. Monroe Street and has continued on through this date.

4. After being paroled in the country in June, 2023, by the Biden administration, more than two years ago, Plaintiff filed an application for asylum (I-589) with the Removal Court because of his credible fear of returning to Ecuador.

5. Plaintiff has been continuously present in the U.S. for more than two years.

6. Plaintiff was placed on Chicago's non-detained EOIR immigration docket.

7. During his entire parole period, Plaintiff did not commit any crimes, applied for asylum in a timely manner, and is not alleged to have violated immigration law in any way beyond what is alleged in the Notice to Appear (I-862) filed by DHS with the Executive Office for Immigration Review.

8. By virtue of parole and the asylum application, Plaintiff is not accruing unlawful presence while in the United States.

9. On June 04, 2025, after appearing on time for a routinely scheduled master calendar hearing on the non-detained docket before EOIR Judge Jody Barilla to seek an individual calendar hearing on the non-detained docket in Chicago for his asylum application.

10. After the hearing, ICE arrested Plaintiff and has since whisked him away to a holding facility in Louisiana, making extended, purposeful communications with his

2

attorneys virtually impossible.

11. On information and belief, ICE accomplished Plaintiff's relocation by first taking Plaintiff to the Broadview facility in Illinois after his unconstitutional arrest by a plain-clothed Jane/John ICE agent at 55 E. Monroe in Chicago.

12. On information and belief, Jane/John Doe ICE agents took Plaintiff to the Gary-Chicago International Airport for transport to Louisiana, with the assistance of unknown Indiana State Police personnel securing the departure airport.

13. On information and belief, once at Louisiana's Alexandria International Airport, Plaintiff was taken to Richmond Correctional, by Louisiana Department of Corrections working in coordination with Jane/JohnDoe ICE Agents personnel where Plaintiff has remained for almost 4 months.

14. On June 18, 2025, the government requested a change of venue from the non-detained Chicago docket to the detained Louisiana docket after shipping Plaintiff far away from defense counsel or loved ones.

15. On July 8, 2025, ICE officers across the country received a memo from DHS titled "Interim Guidance Regarding Detention Authority for Applicants for Admission."

16. Without public notice, rulemaking, or a published BIA decision, the memo instructs that any noncitizen who has not been admitted into the United States is subject to mandatory detention under INA § 235(b), with no eligibility for bond hearings under § 236(a).

17. On July 09, 2025, undersigned counsel filed a bond redetermination request, which the Louisiana EOIR denied because it treated Plaintiff as an "arriving alien" under INA § 235.

18. This determination is currently being appealed to Board of Immigration Appeals ("BIA").

19. It will take months, if not longer, to process that appeal, and the government will attempt to keep custody of Plaintiff for the duration of the appeal.

20. After denying bond, EOIR – Louisiana scheduled Plaintiff for an Individual Calendar Hearing on September 4, 2025.

21. On August 18, 2025, the government again moved to pretermit the asylum case, on the grounds it had reached a new Asylum Cooperative Agreement (ACA) with the government of Honduras that applies to Plaintiff.

22. Undersigned counsel opposed this motion in a timely filed reply and the motion was ultimately denied.

23. On September 4, 2025, EOIR – Louisiana denied Plaintiff's asylum application after a hearing before an immigration judge.

24. Plaintiff has appealed that denial to the BIA.

25. The BIA accepted more than $1,000.00 from Plaintiff to process the appeal of the denial.

26. Aliens removed under INA § 235 do not have appellate rights to the BIA.

27. EOIR – Louisiana relied on 5th Circuit case precedent – which splits from 7th Circuit case precedent on the Plaintiff's burden to demonstrate eligibility for asylum.

28. Under 7th Circuit case precedent, it is easier for a Respondent to demonstrate eligibility for asylum under the PSG category than it is in the 5th Circuit.

29. As a result of the egregious misconduct by the Defendants, the Plaintiff, IVAN CANOLA PEREZ was deprived of his constitutional right to counsel under the 6th

Amendment to the U.S. Constitution, his right to be free from an unlawful arrest under the 4th Amendment, his right to due process under the 5th amendment, and his right to be free from cruel and unusual punishment under 8th Amendment. His right to be free from arbitrary and capricious agency actions have also been violated.

30.     This arrest arises out of the Attorney General's issuance of *Matter of Q Li* 29 I&N Dec. 66 (BIA 2025), an unlawful, arbitrary and capricious decision by A.G. Bondi to designate all parolees as "arriving aliens" under § 235 of the Immigration and Nationality Act ("INA"), and subsequent amendments to the INA.

31.     Unfortunately, this mass designation scheme does not pass constitutional muster for several reasons, not the least of which is that it arbitrary and capricious.

32.     In violating Plaintiff's constitutional right to access the counsel of his choosing, and to assist in the preparation of his case, Defendants have made it virtually impossible to consult as thoroughly as might be achieved if Plaintiff remained on the non-detained EOIR docket in Chicago.

33.     Counsel's interactions with the Plaintiff while in custody in Louisiana have been impeded by arcane and tedious communications rules implemented by the prison holding Plaintiff today.

34.     In the time that has passed since Plaintiff was arbitrarily, capriciously and wrongly classified as an arriving alien on June 4, 2025, counsel's law firm has been afforded less than 3 total hours of time to speak with Plaintiff, despite repeated attempts and requests for communication.

35.     Virtually all of that time had to be focused on preparation for the asylum hearing, and in itself was not enough or reasonable for preparation for a removal hearing.

36.     The Defendants' actions are part of a broader scheme to holistically deny due process to millions of immigrants, by "flooding the zone" with an array of enforcement actions that range from legal but pernicious, to outright and flagrant violations of constitutional due process.

37.     Plaintiff is expressing a desire to leave custody as quickly as possible, due to the cruel and unusual conditions of his detention, even if it means forfeiting this lawsuit to redress the constitutional violations observed and documented by an EOIR judge.

38.     It is indisputable that the Government's actions are not only arbitrary and capricious but also made in bad faith in an effort to railroad immigrants from accessing the due process rights Congress has afforded them, particularly asylum applicants.

39.     A sampling of public statements from top-level officials, including President Trump himself, concerning the administration's unwillingness to afford due process to immigrants highlight the abuse of process:

    a.  "We cannot give everyone a trial, because to do so would take, without exaggeration, 200 years." President Trump, social media post.

    b.  "The judicial process is for Americans. Immediate deportation is for illegal aliens." Immigration Policy Adviser Stephen Miller, social media post.

    c.  "We're gonna flood the zone." Border Czar Tom Homan, Public Press Conference.

    d.  "To say the administration must observe 'due process' is to beg the question: what process is due is a function of our resources, the public

interest, the status of the accused, the proposed punishment, and so many other factors." Vice President J.D. Vance.

## COUNT I —

## ADMINISTRATIVE PROCEDURE ACT
## INJUNCTION

40.     Plaintiff re-alleges and reincorporates ¶¶1 through 39 (a – d) as though fully restated herein.

41.     Defendants' collaborative effort to treat Plaintiff as an "arriving alien" under § 235 INA to deny bond, while extending Plaintiff legal protections only reserved for "aliens present" under § 236, § 240 of INA is arbitrary and capricious.

42.     The APA authorizes courts to set aside agency actions that are arbitrary and capricious.

43.     No other remedy but an injunction is adequate to address Plaintiff's situation.

44.     The harm to Plaintiff will be irreparable if an injunction does not enter.

45.     WHEREFORE, the Plaintiff, IVAN CANOLA PEREZ, prays for an injunction against Defendants DHS, DOJ, EOIR, AG Bondi, Director Noem, and multiple Jane/John Doe ICE Agents, prohibiting the continued classification of Plaintiff as an "arriving alien" and ordering Defendants to take all steps necessary to return Plaintiff to the Chicagoland area and release him from custody pending the outcome of his removal case. Plaintiff further requests an injunction ordering the BIA to vacate the removal order in this matter and return the matter to the non-detained EOIR – Chicago docket, where counsel and the case had been for two years leading up to June 4, 2025.

## COUNT II —

7

**42 U.S.C. § 1983 –
OBSTRUCTION OF THE SIXTH AMENDMENT
RIGHT TO COUNSEL**

46.     Plaintiff re-alleges and re-incorporates ¶¶1 – 44 as though fully restated herein.

47.     On information and belief at least one Jane/John Doe Indiana State Police officer assisted ICE in re-locating Plaintiff from Chicago to the Chicago Gary International Airport.

48.     On information and belief, at least one Jane/John Doe Louisiana Department of Corrections officer assisted ICE in moving Plaintiff from the Louisiana arrival airport to the Richmond Correctional facility.

49.     As a direct and proximate consequence of said conduct of the Defendants, Plaintiff, IVAN CANOLA PEREZ, suffered violations of his constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, unlawful incarceration, and damage to his reputation, and remains wrongfully incarcerated.

50.     Actions taken by against Defendants Jane/John Doe Indiana State Police officer(s) and Jane/John Doe Louisiana Department of Corrections officer(s)  to impede Plaintiff's access to his immigration lawyer clearly violated the Plaintiff's Sixth Amendment right to counsel of his choosing as protected by 42 U.S.C. § 1983.

51.     WHEREFORE, the Plaintiff, IVAN CANOLA PEREZ, prays for judgment in his favor and against Defendants Jane/John Doe Indiana State Police officer(s) and Jane/John Doe Louisiana Department of Corrections officer(s) individually, jointly, and severally, in an amount of fair and reasonable compensatory damages, punitive damages,

plus attorneys' fees and costs.

## COUNT III —

### BIVENS –
### VIOLATION OF FIFTH AMENDMENT
### RIGHT TO DUE PROCESS

52.     Plaintiff re-alleges and re-incorporates ¶¶ 1 – 51 as though fully set forth herein.

53.     On June 4, 2025, Defendants multiple Jane/John Doe ICE Agents used an arbitrary and capricious agency action to designate Plaintiff as an "arriving alien" despite him being in proceedings for an "alien present" and continuing to provide Plaintiff procedural protections not afforded to aliens under INA § 235.

54.     As a direct and proximate consequence of said conduct of Defendants multiple Jane/John Doe ICE Agents the Plaintiff, IVAN CANOLA PEREZ, suffered violations of his constitutional right to due process, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, unlawful incarceration, and damage to his reputation.

55.     WHEREFORE, the Plaintiff, IVAN CANOLA PEREZ, prays for judgment in his favor and against the Defendants individually, jointly, and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT IV –

### BIVENS –
### VIOLATION OF THE EIGHTH AMENDMENT
### RIGHT AGAINST
### CRUEL AND UNUSUAL PUNISHMENT

56.     The Plaintiff, IVAN CANOLA PEREZ, realleges and incorporates his

allegations of paragraphs 1 – 55 as though fully set forth herein.

57.     Plaintiff remains in custody in Louisiana.

58.     On information and belief, Plaintiff has contracted a fungus on his extremities from the unsanitary conditions of the holding facility where he resides which is not being treated medically.

59.     On information and belief, the facility is overcrowded, leading to fights and heightened dangers within the detention facility.

60.     On information and belief, the detention facility refuses medical care or treatment, unless or until a detainee is in a dire health circumstance.

61.     On information and belief, the detention facility serves substandard food to inmates.

62.     As a direct and proximate consequence of said conduct of all Defendants, Plaintiff, IVAN CANOLA PEREZ, has suffered violations of his constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, unlawful incarceration, and damage to his reputation.

63.     WHEREFORE, the Plaintiff, IVAN CANOLA PEREZ, prays for judgment in his favor and against the Defendants individually, jointly, and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## JURY DEMAND

The Plaintiff, IVAN CANOLA PEREZ, hereby requests a trial by jury.

Respectfully Submitted,

/s/John W. Heiderscheidt

10

John W. Heiderscheidt
HLG, LLC d/b/a "Subscription Lawyer"
7257 W. Touhy Ave.
Suite 201-A
Chicago, IL, 60631
312-331-0087
info@subscriptionlawyer.com
ARDC: 6305341 / Gen Bar

VERIFICATION

Under penalties as provided by law pursuant the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Name: John W. Heiderscheidt          Signature: /s/ John W. Heiderscheidt

Date: 09/23/2025